**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD KNIGHT, | ) | |
| | ) | No.    08 C 1297 |
| Plaintiff, | ) | |
| | ) | JUDGE ZAGEL |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | Magistrate Judge Ashman |
| POLICE OFFICER T.J. SCHUMPP, Star No. 9207, | ) | |
| and CHICAGO POLICE OFFICER F.E. QUINN, | ) | |
| Star No. 15331, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City

of Chicago, answers Plaintiff's complaint, and states as follows:

## JURISDICTION and VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under
color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**     The City admits that the federal claims in Plaintiff's complaint are brought

pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's

rights as secured by the United States Constitution.   The City denies the remaining allegations

contained in this paragraph.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343
and 1367.

**ANSWER:**     The City admits the allegations contained in this paragraph.

3.     Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district
and the events giving rise to the claims asserted in this complaint occurred within this
district.

**ANSWER:**    The City admits that venue is proper under 28 U.S.C. § 1391(b) in that, upon information and belief, Defendant Officers Schumpp and Quinn reside in this judicial district, and the alleged events giving rise to the claims asserted in this complaint occurred within this district. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## **PARTIES**

4.    At all times relevant hereto, Plaintiff Reginald Knight was a 23 year-old male resident of Chicago, Illinois.

**ANSWER:**    The City admits that, according to Chicago Police Department ("CPD") records, Plaintiff was listed as being a 23 year old male resident of Chicago, Illinois at the time of his arrest on January 11, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5.    At all times relevant hereto, the three Defendant Officers were Police Officers for the City of Chicago and were acting under color of the law and within the scope of their employment.

**ANSWER:**    The City admits the allegations contained in this paragraph.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is an employer of the Defendant Officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7.    On or about January 11, 2007, Plaintiff was driving his vehicle near the intersection of 107th and Western Ave. On his way to Evergreen Plaza Mall in Chicago, Cook County, Illinois.

**ANSWER:**    The City admits that, according to CPD records, Plaintiff was driving a vehicle in the vicinity of 10443 South Western Avenue just in Chicago, Cook County, Illinois just prior to his arrest on January 11, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8.    At this time, Defendant Officers activated their lights in order to curb Plaintiff's vehicle without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.    At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.    At this time, Defendant Officers proceed to conduct an unconstitutional search of Plaintiff's person and his vehicle, without a warrant, without consent, and without reasonable belief that Plaintiff was guilty of a crime.

**ANSWER:**    The City admits that, according to CPD records, one or more Defendant Officers conducted a custodial search of Plaintiff's person pursuant to his arrest on January 11, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3

11.     During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:**     The City admits that, according to CPD records, one or more Defendant Officers conducted a custodial search of Plaintiff's person pursuant to his arrest on January 11, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12.     One or more of the Defendant Officers wrongfully impounded Plaintiff's vehicle.

**ANSWER:**     The City admits, according to CPD records, that the vehicle that Plaintiff had been driving just prior to his arrest on January 11, 2007 was impounded. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13.     Following the unconstitutional search, Plaintiff was arrested and taken to the 22nd District Chicago Police District where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 550.0/4-D, and held in custody for approximately one week.

**ANSWER:**     The City admits that, according to CPD records, Plaintiff was arrested and taken to the 22nd District Chicago Police Station. The City further admits, according to CPD records, that Plaintiff was charged with Possession of a Controlled Substance in violation of 720 ILCS 550.0/4-D, among other offenses, as a result of his arrest, and that he was held in the custody of the CPD for less than twelve hours. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14.     The false charge against Plaintiff was dismissed for a finding of no probable cause on January 2, 2007.

**ANSWER:**     The City admits that the charge of Possession of a Controlled Substance was dismissed for a finding of no probable cause. The City denies that the finding of no probable cause

4

on Plaintiff's Possession of a Controlled Substance charge occurred on January 2, 2007. The City

is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

### Count I – 42 U.S.C. § 1983 False Arrest

15.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**     The City's answers to paragraphs 1 through 14 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 15.

16.     On January 11, 2007, Plaintiff was seized and arrested without a warrant and without
        probable cause. This seizure and arrest was in violation of Plaintiff's rights secured
        under the Fourth and Fourteenth Amendments of the Constitution of the United
        States.

**ANSWER:**     The City admits that, according to CPD records, Plaintiff was not arrested pursuant

to a warrant. The City is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in this paragraph.

17.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully
        detained and searched him without any legal right to do so, in their official capacity
        as law enforcement officers, under color of state law, and acting within the scope of
        their employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

18.     The misconduct described in this Count was undertaken pursuant to the policy and
practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly
        encourages the type of misconduct at issue here by failing to adequately train,
        supervise and control its officers, and its failure to do so constitutes deliberate
        indifference;

5

b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City is without knowledge sufficient to admit or deny the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations contained in this paragraph, including its sub-parts.

19.     The acts committed by Defendant Unknown Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiffs' constitutional rights and would cause harm to Plaintiff.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

### Count II – 42 U.S.C. § 1983 Unlawful Search

20.     Plaintiff re-alleges paragraphs 1 through 19 as if fully repleaded herein.

**ANSWER:**     The City's answers to paragraphs 1 through 14 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 20.

21.     Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**     The City admits that, according to CPD records, Plaintiff was not searched pursuant

to a search warrant.  The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

22.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

7

c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**   The City is without knowledge sufficient to admit or deny the allegation that the City

sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

The City denies the remaining allegations contained in this paragraph, including its sub-parts.

23.   The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

## Count III – Malicious Prosecution

24.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**     The City's answers to paragraphs 1 through 14 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 24.

25.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by
intentionally making knowingly false statements in police reports and causing false
testimony to be presented to a Cook County judge.  This false and malicious conduct
resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled
Substance.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

26.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice
and with willful and wanton disregard for the truth.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

27.     Defendant Officers brought said false charges and continued the prosecution of such
false charges in order to cover up their own illegal conduct.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

28.     On March 21, 2007 Plaintiff's case was dismissed.

**ANSWER:**     The City admits that on March 21, 2007, Plaintiff's charge of Possession of a

Controlled Substance was dismissed.  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

29.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has
suffered extensive damages, including but not limited to: severe emotional harm,
legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## <u>Count IV – Intentional Infliction of Emotional Distress</u>

30.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 14 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 30.

31.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits that jurisdiction of this court over Plaintiff's state claims is invoked pursuant to this Court's supplemental jurisdiction under title 28, United States Code § 1367. The City denies the remaining allegations contained in this paragraph.

32.    Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

34.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

<u>**Count V – Conversion**</u>

35.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 14 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 35.

36.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under
title 28, United States Code, § 1367.

**ANSWER:**    The City admits that jurisdiction of this court over Plaintiff's state claims is

invoked pursuant to this Court's supplemental jurisdiction under title 28, United States Code §

1367.  The City denies the remaining allegations contained in this paragraph.

37.    On January 12, 2007, Plaintiff was the rightful and legal owner of a 1996 Cutlass
Oldsmobile.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

38.    On this date, Plaintiff had an absolute and unconditional right to the immediate
possession of the vehicle.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

39.    Defendant Officers and Defendant City wrongfully and without authorization assumed
control and dominion over the vehicle.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

40.    At the time of this conversion, Plaintiff made a demand for the possession of his vehicle.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

### Count VI – State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

41.    Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 14 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 41.

42.    Illinois law provides that public entities, such as Defendant City, are directed to
pay any compensatory damages on a tort judgment against an employee who was
acting within the scope of his or her employment.

**ANSWER:**    The City states that the allegation that "public entities, such as Defendant City, are

directed to pay any compensatory damages on a tort judgment against an employee who was

acting within the scope of his or her employment" is a vague, incomplete and/or inaccurate

statement of the City's liability under Illinois law; therefore, this allegation is denied.

43.    At all relevant times, Defendant Officers were agents of Defendant City and
employees of the Chicago Police Department acting within the scope of their employment.
Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant
Officers.

**ANSWER:**    The City admits, upon information and belief, based upon CPD records, that

the named Defendant Officers were employees of the CPD and acting within the scope of their

employment when they arrested Plaintiff on January 11, 2007.  Defendant City states that the

allegation that it "is liable as principal for all torts committed by its agents" is a vague,

incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of

*respondeat superior* under Illinois law; therefore, this allegation is denied.  The City is without

12

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its

favor on Plaintiff's complaint, award Defendant City of Chicago such costs and fees as allowed

by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      The City is not liable to Plaintiff if its employees or agents are not liable to

Plaintiff.  745 ILCS 10/2-109 (2006).

2.      To the extent any employee or agent of the City was acting within the scope of his

or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of the law, unless such act or omission constitutes willful and wanton

conduct.  745 ILCS 10/2-202 (2006).

3.      The City is not liable for any injury caused by the act or omission of another

person.  745 ILCS 10/2-204 (2006).

4.      To the extent any injuries or damages claimed by Plaintiff were proximately

caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on

the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application

of the principles of comparative fault, by an amount commensurate with the degree of fault

attributed to Plaintiff by the jury in this case.  See Poole v. City of Rolling Meadows, 167 Ill. 2d

41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5.      To the extent that Plaintiff failed to mitigate any of his claimed injuries or

damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the

principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate

attributed to Plaintiff by the jury in this case.

      6.     Conversion claims are subject to the Local Government and Governmental

Employees Tort Immunity Act.  See Martel Enterprises v. City of Chicago, 223 Ill.App.3d 1028,

584 N.E. 2d 157 (1. Dist. 1991).  As such, conversion claims must be commenced within one

year from the date that the injury was received or the date that the conversion claim accrued.  See

745 ILCS 10/8-101(a) (2006).

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

By:   /s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 Phone
(312) 744-3989 Fax
Attorney No. 06282455

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD KNIGHT, | ) | |
| | ) | No.     08 C 1297 |
| Plaintiff, | ) | |
| | ) | JUDGE ZAGEL |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | Magistrate Judge Ashman |
| POLICE OFFICER T.J. SCHUMPP, Star No. 9207,) | | |
| and CHICAGO POLICE OFFICER F.E. QUINN, | ) | |
| Star No. 15331, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:    Jeffrey B. Granich                    Marcy M. Labedz
Law Offices of Jeffrey B. Granich     Assistant Corporation Counsel
53 West Jackson Boulevard            30 North LaSalle Street
Suite 840                                     Suite 1400
Chicago, Illinois  60604               Chicago, Illinois  60602
jeffreygranich@mac.com              mlabedz@cityofchicago.org

**PLEASE TAKE NOTICE** that on this 6th day of June, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 6th day of June, 2008.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455

15