**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 1297 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Zagel |
| T. J. SCHUMPP, Star No. 9207, | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Ashman |
| F. E. QUINN III, Star No. 15331, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER 12(B)(6) DEFENSE, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Chicago Police Officers Frank Quinn III and Timothy Schumpp ("Defendant Officers"), by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, 12(B)(6) Defense, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint, and in support thereof state as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff s rights as secured by the United States Constitution.

**ANSWER:** Defendant Officers admit this action is brought pursuant to 42 U.S.C. §1983, but deny the remaining allegations and complained of conduct contained in Paragraph 1.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Defendant Officers admit this Court has jurisdiction over this matter, but deny any wrongful or illegal conduct contained in Paragraph 2.

3. Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant Officers admit venue is proper, and that the events giving rise to the allegations occurred within this district. Defendant Officers deny any wrongful or illegal conduct contained in Paragraph 3.

**PARTIES**

4. At all times relevant hereto, Plaintiff Reginald Knight was a 23 year-old male resident of Chicago, Illinois.

**ANSWER:** Defendant Officers admit that Plaintiff is male. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 5, but deny any complained of conduct contained in Paragraph 5.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendant Officers admit the allegations contained in Paragraph 6, but deny any complained of conduct contained in Paragraph 6.

**FACTUAL ALLEGATIONS**

7. On or about January 11, 2007, Plaintiff was driving his vehicle near the intersection of 107t and Western Ave. on his way to Evergreen Plaza Mall in Chicago, Cook County, Illinois.

**ANSWER:** Defendant Officers admit that on January 11, 2007 at approximately 5:54 p.m., Plaintiff was operating a vehicle near the intersection of 107th and Western Avenue in

Chicago, Cook County, Illinois. Defendant Officers deny that the vehicle belonged to Plaintiff. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. At this time, Defendant Officers activated their lights in order to curb Plaintiff's vehicle without an arrest warrant, a search warrant, or probable cause to believe that Plaintiff had committed or was committing a crime.

**ANSWER:** Defendant Officers admit that they activated their lights in order to curb Plaintiff. Further, Defendant Officers admit that there was no arrest warrant for Plaintiff and no search warrant. Defendant Officers deny that the vehicle belonged to Plaintiff and that they lacked probable cause. Further, Defendant Officers deny the sequence of events.

9. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 9.

10. At this time, Defendant Officers proceeded to conduct an unconstitutional search of Plaintiff's person and his vehicle, without a warrant, without consent, and without reasonable belief that Plaintiff was guilty of a crime.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 10, as well as the sequence of events.

11. During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:** Defendant Officers admit that Plaintiff was arrested and a custodial search of the Plaintiff was performed. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 11, as well as the sequence of events.

12. One or more of the Defendant Officers wrongfully impounded Plaintiff's vehicle.

**ANSWER:** Defendant Officers admit that the vehicle Plaintiff was operating was impounded for narcotics. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 12.

13. Following the unconstitutional search, Plaintiff was arrested and taken to the 22nd District Chicago Police District where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 550.0/4-D, and held in custody for approximately one week.

**ANSWER:** Defendant Officers admit that Plaintiff was arrested, a custodial search of Plaintiff was conducted, and the Plaintiff was taken to the 22nd District of the Chicago Police Department. Further, Defendant Officers admit that Plaintiff was charged with Possession of a Controlled Substance in violation of 720 ILCS 550.0/4-D. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 pertaining to the length of time Plaintiff was held in custody. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 13.

14. False charge against Plaintiff was dismissed for a finding of no probable cause on January 2, 2007.

**ANSWER:** Defendants deny the allegations and complained of conduct contained in Paragraph 14.

**Count 1-42 U.S.C. S 1983 False Arrest**

15. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendant Officers re-assert their answers to paragraphs 1-14, as their answer to paragraph 15 of Count I.

16. On or about January 11, 2007, Plaintiff was seized and arrested without a warrant. and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officers admit that on January 11, 2007 at approximately 5:54 p.m. Plaintiff was stopped and arrested without a warrant. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 16.

17. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant Officers admit that Plaintiff was arrested, detained, and searched, while they were acting in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 17.

18. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual

f As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 18.

19. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 19.

**Count II - 42 U.S.C. § 1983 Unlawful Search**

20. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendant Officers re-assert their answers to paragraphs 1-14, as their answer to paragraph 20 of Count II.

21. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendant Officers admit that a custodial search of Plaintiff was conducted. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 21.

22. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 22.

23. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 23.

**Count III - Malicious Prosecution**

24. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendant Officers re-assert their answers to paragraphs 1-14, as their answer to paragraph 24 of Count III.

25. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:** Defendant Officers admit Plaintiff was charged with Possession of a Controlled Substance. Defendant Officers deny the remaining allegations and complained of conduct contained in Paragraph 25.

26. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 26.

27. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 27.

28. On March 21, 2007 Plaintiff's case was dismissed.

**ANSWER:** Upon information and belief, Defendant Officers admit that on March 21, 2007 a finding of no probable cause was entered for the charge of Possession of a Controlled Substance. Defendant Officers deny the remaining allegations contained in Paragraph 28.

29. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 29.

**Count IV - Intentional Infliction of Emotional Distress**

30. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendant Officers re-assert their answers to paragraphs 1-14, as their answer to paragraph 30 of Count IV.

31. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant Officers admit this Court has jurisdiction over this matter, but deny any wrongful or illegal conduct contained in Paragraph 31.

32. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 32.

33. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 33.

34. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 34.

**Count V - Conversion**

35. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendant Officers re-assert their answers to paragraphs 1-14, as their answer to paragraph 35 of Count V.

36. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant Officers admit this Court has jurisdiction over this matter, but deny any wrongful or illegal conduct contained in Paragraph 36.

37. On or about January 12, 2007, Plaintiff was the rightful and legal owner of a 1966 Cutlass Oldsmobile.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 37.

38. On this date, Plaintiff had an absolute and unconditional right to the immediate possession of the vehicle.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Defendant Officers and Defendant City wrongfully and without authorization assumed control and dominion over the vehicle.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 39.

40. At the time of this conversion, Plaintiff made a demand for the possession of his vehicle

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 40.

**Count VI - State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**

41. Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

**ANSWER:** Defendant Officers re-assert their answers to paragraphs 1-14, as their answer to paragraph 41 of Count VI. Defendant Officers make no further answer to Count VI since Count VI is directed to Defendant City, and not to Defendant Officers.

**FIRST 12(b)(6) DEFENSE:**
**STATUTE OF LIMITATIONS ON STATE CLAIMS**

To the extent Plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against a municipality or its employees is one year. 745 ILCS 10/8-101 (West 2002). Plaintiff's Complaint alleges that the incident on which it is based

occurred on January 11, 2007. (Complaint at ¶ 7 of Factual Allegations). Therefore, because Plaintiff filed his Complaint on March 4, 2008, all state law claims directed to Defendant Officers in Counts IV and V of Plaintiff's Complaint (Intentional Infliction of Emotional Distress and Conversion), should be dismissed as beyond the statue of limitations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE: STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

Any injuries or damages claimed by the Plaintiff against Defendant Officers were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff. Even if Defendant Officers were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2004) was in effect and reduces a Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a Plaintiff is

more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

**THIRD AFFIRMATIVE DEFENSE:**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-201**

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2004).

**FOURTH AFFIRMATIVE DEFENSE:**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-202**

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2004).

**FIFTH AFFIRMATIVE DEFENSE:**
**MITIGATION OF DAMAGES**

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

**SIXTH AFFIRMATIVE DEFENSE:**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-208**

Under Illinois Tort immunity law, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2004).

**CONCLUSION**

**WHEREFORE,** Defendant Officers respectfully request that judgment be entered in their favor and against the Plaintiff, for the costs of defending this suit, and other such relief as the Court deems just and appropriate.

**JURY DEMAND**

Defendant Officers, Frank Quinn III and Timothy Schumpp, hereby respectively demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (Fax)
Atty. No. 06279219

**CERTIFICATE OF SERVICE**

I, Marcy M. Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANT OFFICERS' ANSWER, 12(B)(6) DEFENSE, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on June 27, 2008, in accordance with the rules of electronic filing.

/s/ Marcy M. Labedz
MARCY M. LABEDZ